Leo R. McGEHEE, Mississippi Moving &
Storage Co. and Leo Van Lines,
Appellants,

v.

O K STORAGE AND TRANSFER CO.,
Inc., Appellee.

No. 20978.

United States Court of Appeals
Fifth Circuit.

April 1, 1964.

Thomas W. Prewitt, Roger C. Landrum, Jackson, Miss., Butler, Snow, O'Mara, Stevens & Cannada, Jackson, Miss., of counsel, for appellants.

Erskine W. Wells, W. Calvin Wells, Robert G. Gillespie, Jr., Jackson, Miss., Wells, Thomas & Wells, Jackson, Miss., of counsel, for appellees.

Before TUTTLE, Chief Judge, and RIVES and WISDOM, Circuit Judges.

PER CURIAM.

A Louisiana corporation and a Tennessee corporation have been using the name "O K" in the moving business since 1919 and 1933 respectively. Ownership in the two corporations was originally the same —and is still the same to some extent but the corporations, themselves, are not related. Although the Tennessee corporation operates in and around Memphis and the Louisiana corporation in and around New Orleans, both corporations have done a substantial amount of business in the area around Jackson, Mississippi. Advertising in Memphis and New Orleans newspapers is often seen in Jackson. In 1936 the defendant first started using the "O K" name and, for a few months, acted as the statutory agent for the appellees in Jackson for the service of process. This activity soon stopped and, although the defendant has been in the moving business in Jackson from 1936 without interruption, he has not actively used the "O K" name. His business is done under a number of other names and only the "O K" telephone number is maintained; his "O K" company is nothing more than a "telephone book company". In 1960 some of the owners of the plaintiff corporations established an "O K" mover in Jackson. All of a sudden, defendant sprang to life, painted "O K" on two of his trucks, and began actively to use the "O K" name. The trial court found actual confusion. The plaintiffs sued for an injunction, charging the defendant with unfair competition and infringement of a trade name.

After a careful analysis of the facts, the trial court found that the plaintiffs were the senior users and that "O K" had developed a secondary meaning in Jackson so that the resulting confusion became an infringement by the defendant. The Court granted an injunction in favor of the plaintiffs.

We have reviewed the record and considered all of the contentions the appellant urges. We hold that the trial court's findings of fact are not clearly erroneous and that the trial court's conclusions of law properly follow the findings.

The judgment is affirmed.